UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPERATION PAR, INC., )
)
    Plaintiff, )
)
v. ) CASE NO.: _____
)
HERNANDO COUNTY, FLORIDA, )
)
    Defendant. )
_____ )

## COMPLAINT

Plaintiff, OPERATION PAR, INC. ("Operation Par") sues HERNANDO COUNTY, FLORIDA ("Hernando County"), and alleges the following:

### JURISDICTION AND VENUE

1. This is a suit for relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*, the Rehabilitation Act, 29 U.S.C. §701, *et seq* (the "Rehabilitation Act"), and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

### THE PARTIES

3. Plaintiff, Operation Par, is a corporation organized and existing under the laws of the State of Florida. Operation Par's principal place of business is located in Pinellas County, Florida.

4. Defendant, Hernando County, is a governmental unit organized and existing under the laws of the State of Florida.

## GENERAL ALLEGATIONS

5. In June, 2010, the Substance Abuse Program Office of the Florida Department of Children and Families determined that there was a need for a medication assisted patient services ("MAPS") medical office in the central region of Florida. Hernando County is located in the central region and is one of the most populated areas in the State of Florida without a methadone treatment program.

6. Operation Par has operated for more than 40 years and provides integrated addiction and mental health services at various sites in Broward, Pinellas, Pasco, Lee and Manatee Counties. As a result, Operation Par is associated with and provides treatment to qualified individuals with disabilities as defined under the ADA and the Rehabilitation Act.

7. One of the services provided by Operation Par is MAPS. A MAPS medical office provides physical examination, lab workup, in-depth assessment of life systems, an individualized treatment plan and regular counseling by trained staff.

8. Once the State of Florida assessed the need for a MAPS medical office in Hernando County, Florida, Operation Par located a suitable site at 1245 Kass Circle, Spring Hill, Florida, for a MAPS medical office. 1245 Kass Circle, Spring Hill, Florida, is located in Hernando County ("1245 Kass Circle").

9. Operation Par proposed to renovate an existing building located at 1245 Kass Circle into a professional medical office under its MAPS program. The property at 1245 Kass Circle has a land use classification of commercial and a general zoning category of plan

development/general highway commercial. A medical office is a permitted use under the plan development/general highway commercial zoning.

10. Although Operation Par proposed to renovate 1245 Kass Circle for a medical office under its MAPS program, Hernando County refused to issue a certificate of use for the MAPS medical office. Under Hernando County's zoning code, a certificate of use is a certificate issued by appropriate authority under the provisions of the zoning ordinance which authorizes the occupancy of a structure or premises and is required prior to occupancy, a change of use and under other specific conditions. Since a medical office was a permitted use, Operation Par reasonably believed Hernando County would issue a certificate of use for its MAPS medical office.

11. Under Hernando County's zoning code, the zoning supervisor has the power and duty to decide the literal interpretation of Hernando County's zoning ordinance, including definitions and land use classifications. Hernando County's zoning supervisor decided that the MAPS medical office proposed by Operation Par was a substance-abuse rehabilitation facility.

12. Under the Hernando County zoning code, a substance-abuse rehabilitation facility is a separate land use classification. A substance-abuse rehabilitation facility may locate in any zoning district but requires a special exception use approval. If Hernando County's zoning supervisor had treated Operation Par's MAPS medical center like any other medical center, a special exception use approval would not have been required. Operation Par would have been permitted to locate its medical office at 1245 Kass Circle as of right. To obtain a special exception use permit, Hernando County's land development regulations required Operation Par to submit an application, go through staff review and obtain approval by the Planning and Zoning Commission ("PZC") after a public hearing.

13. On June 6, 2011, Operation Par submitted its application for a special exception use permit. Operation Par proposed only office visit patients at its MAPS medical office and no residential treatment.

14. Treatment at a MAPS medical clinic is part of the last stages of the overall program to treat the disease of addiction. A MAPS medical office is not a detoxification center. It is a medical office to treat addiction after a patient is detoxified and stabilized.

15. Like other medical conditions, addiction treatment is performed by licensed doctors, nurses, and medical assistants. The patients receive physical examinations, laboratory workups, in-depth assessment of their life systems, individualized treatment plans and regular counseling by trained medical staff. When Operation Par submitted its application and today, there was not and is not a MAPS medical office in Hernando County. Hernando County has many residents who require treatment at a MAPS center and they are forced to travel to Pasco County, Florida, for treatment. Hernando County has more people dying from drug overdoses than it does from traffic accidents. Despite that, Hernando County treats a medical office handling auto accident patients different from medical offices that treat addiction.

16. After Operation Par submitted its application, Hernando County's zoning staff analyzed the application. It concluded that Operation Par's application complied with all requirements of Hernando County's land development regulations for a special exception land use permit. The staff recommended approval and found that "the request is compatible with the surrounding land uses, and is not adverse to the public interest subject to compliance with all recommended performance conditions."

17. On July 11, Hernando County's PZC held a public hearing on Operation Par's application. At that hearing, several citizens spoke in opposition to and submitted petitions

against the MAPS medical office. Those citizens claimed that there were current drug trafficking problems in the area and that they were concerned that the MAPS medical office would attract more drug activities into their neighborhoods. No one presented any expert testimony or fact-based testimony to support those claims or concerns. They presented unsupported speculation based on a lack of knowledge of the treatment of the disease of addiction.

18. Hernando County's PZC correctly rejected those claims and concerns as irrational fears and stereotypes of persons with alcohol or drug-related problems. The PZC voted 4-1 to approve Operation Par's special exception use permit.

19. Under the Hernando County land development regulations, the Hernando County Commission by a majority vote may decide to review any special exception decision rendered by the PZC. After hearing from many residents expressing their unsupported fear of Operation Par's MAPS medical center, the Hernando County Commission voted to "review" the decision of the PZC to grant Operation Par a special exception use permit.

20. On August 23, 2011, Hernando County Commission held a *de novo* hearing on Operation Par's special exception application. Although the Hernando County land development regulations allowed the Hernando County Commission to conduct a "review" of the PZC decision, it did not give the Hernando County Commission the right to conduct a *de novo* hearing on Operation Par's application for a special exception. The Hernando County Commission ignored the plain language of its code and held a new hearing on Operation Par's application with the presentation of new evidence.

21. At the county commission hearing, Operation Par once again established that its MAPS medical clinic would be staffed with doctors, nurses and medical assistants and that they

would "treat the disease of addiction." At the time of the hearing, there were 74 Hernando County residents traveling to a MAPS medical office in Pasco County. At the county commission's hearing, the county commissioners and those who spoke in favor of and against Operation Par's special exception recognized that there was a need for a MAPS medical office in Hernando County, Florida. Those who spoke against the special exception just wanted it somewhere else.

22. At the hearing, Operation Par established that the medical office would typically see patients from 5:30 a.m. until about 11:00 a.m. It also established that the zoning on 1245 Kass Circle allowed a medical office as of right. It was only Hernando County's decision to treat medical clinics treating the disease of addiction differently from other medical clinics that forced Operation Par to obtain a special exception permit for its MAPS' medical clinic. No one disputed that a medical clinic providing treatment for other diseases was permissible regardless of the number of patients seen at the medical office.

23. Those who spoke against Operation Par's special exception were concerned about the nature of the disease to be treated at Operation Par's medical office and not that it was a medical office or the number of patients to be seen at the location. Some of the concerns expressed are as follows:

- It's just too risky for people.

- We don't want to have people living here to hurt our family, to go into the family or go into the house.

- I have already had students come up to me and indicate their fear and concern.

- This could very well have us incur additional security charges.

- Strangers walking around the area, would create apprehension.

- Why don't people just see this the way it is? Another legalized drug dealer in the neighborhood.

- After you are done with this drug dealer, come to this one.

- I really hope that the County find somewhere better suited, like out in the middle of a cow field or something like that.

- Would you want your parents, your elderly parents to have to walk from the dental office and walk home past the medical clinic?

- I know the concerns may be unfounded, but its tenants and we still have to listen to their fears.

- I also have a lot of compassion for people, it is ordinary citizens who are going to be dealing with the fears -- and fear is a real thing -- dealing with the fear that this is going to create.

- I just don't understand why owners' real estate should be hit with losses or chance of losses for people who have broken the law.

- And what's going to happen is it's going to depreciate the values and the landowner won't be able to continue to maintain that building.

- We're struggling in this community to keep our property values up.

- We are all concerned because a lot of the people that are in the plaza right now are saying that possibly, if this does go in, they aren't going to renew their leases. And that's going to be like a nail in the coffin to this plaza.

24. After hearing and accepting the concerns expressed above, the Hernando County Commission voted 5-0 to reverse the PZC decision and revoked Operation Par's special exception permit. By that time, Operation Par had acquired 1245 Kass Circle and had started the construction plans and other work to begin renovating 1245 Kass Circle to operate as a MAPS medical office.

25. Once the Hernando County Commission revoked Operation Par's special exception permit, Operation Par was forced to stop the renovation process.

- 8 -

26. All conditions precedent to the institution, maintenance and prosecution of this action have been performed, have occurred or otherwise have been waived. Operation Par retained counsel to represent it in this matter and has agreed to pay attorney's fees for their services.

## COUNT I
### (Violation of the Americans with Disabilities Act)

27. This is an action for damages and injunctive relief based upon violations of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*.

28. Operation Par realleges the allegations in paragraphs 1 through 26 above.

29. The Americans with Disabilities Act prohibits discrimination on the basis of current, past or perceived disabilities by any public entity, including state and local governmental units such as Hernando County.

30. When Hernando County interpreted its land development regulations to require Operation Par to obtain a special exception permit for its medical office, it interpreted its code in a way that had the effect of discriminating against qualified individuals with a disability. As interpreted, Hernando County's land development regulation requiring a special exception use permit for substance abuse clinics is facially invalid because the regulation on its face treats medical clinics treating the disease of addiction differently than medical clinics treating other diseases.

31. Recovering drug and alcohol addicts have a record of having a physical or mental impairment that substantially affects a major life activity and are disabled as that term is used under the ADA.

32. If Operation Par proposed a medical clinic treating individuals with eating disorders, Hernando County would not have required Operation Par to apply for and obtain a special exception permit. If Operation Par had proposed a medical clinic treating patients for nicotine addiction, Hernando County would not have required Operation Par to apply for and obtain a special exception permit. Hernando County treated Operation Par differently because of the nature of the patients it proposed to treat at its MAPS medical office and imposed additional procedural requirements on Operation Par for that discriminatory reason.

33. Hernando County's zoning code, on its face and as applied intentionally discriminates against recovering drug and alcohol addicts

34. Hernando County discriminated against Operation Par in its zoning decision because of Operation Par's association with individuals with known or perceived disabilities.

35. Hernando County's decision to deny Plaintiff's request for a special exception was a direct result of animus towards individuals recovering from drug and alcohol addiction.

36. Hernando County has no legitimate, nondiscriminatory reason for denying Plaintiff's request for a special exception.

37. Any nondiscriminatory reason given by Hernando County for denying Plaintiff's request for a special exception was a pretext for discrimination.

38. Hernando County's zoning code, on its face and as applied, has an unlawful discriminatory effect upon recovering drug and alcohol addicts.

39. Hernando County's zoning code, on its face and as applied, has significantly adverse or disproportionate impact on recovering drug and alcohol addicts.

40. Hernando County's zoning code, on its face and as applied, fails to make reasonable accommodation for recovering drug and alcohol addicts.

41. Operation Par has suffered direct injury as a result of Hernando County's discriminatory decision. Operation Par has incurred significant expense in the special exception process, and in connection with the attempted renovation of 1245 Kass Circle. The injuries to Operation Par are a direct and proximate result of the discriminatory criteria used and discriminatory decisions of Hernando County.

42. A favorable decision by this Court requiring Hernando County to issue Operation Par's special exception permit will redress the injuries suffered by Operation Par.

43. Under the Americans with Disabilities Act, Operation Par is entitled to damages and injunctive relief requiring Hernando County to grant a special exception use permit to Operation Par for its proposed MAPS medical clinic at 1245 Kass Circle.

44. Under the Americans with Disabilities Act, Operation Par is entitled to an award of attorney's fees and litigation expenses.

WHEREFORE, Operation Par respectfully requests the Court to enter a judgment against Hernando County for damages, attorney's fees, costs and to enter a permanent injunction requiring Hernando County to issue Operation Par a special exception use permit for its proposed medical clinic at 1245 Kass Circle, Spring Hill, Florida and for such other relief as the Court determines is appropriate.

## COUNT II
### (Violation of Rehabilitation Act)

45. This is an action of damages and injunctive relief based upon violations of the Rehabilitation Act, 29 U.S.C. §701, *et seq.*

46. Operation Par realleges the allegations in paragraphs 1 through 26 above.

47. The Rehabilitation Act protects individuals with disabilities, including individuals with alcohol and drug addiction, and those associated with them against discrimination in the provision and enjoyment of benefits and services that receive federal financial assistance.

48. Hernando County receives federal financial assistance either directly or through the State of Florida.

49. The Rehabilitation Act protects qualified individuals with current, past or perceived disabilities against discrimination.

50. Recovering drug and alcohol addicts are disabled as that term is defined by the Rehabilitation Act and have a physical or mental impairment that substantially affects a major life activity.

51. Recovering drug and alcohol addicts have a record of having a physical or mental impairment that substantially affects a major life activity.

52. Operation Par provides services and treatment to qualified individuals with disabilities as defined under the Rehabilitation Act. As described above, Hernando County discriminated against Operation Par in its zoning decision because of Operation Par's association with qualified individuals with known or perceived disabilities.

53. Hernando County's zoning code on its face and as applied in its adverse zoning decision had the effect of intentionally discriminating against Operation Par because of its association with qualified individuals with a disability and the effect of intentionally discriminating against qualified individuals with a disability solely by reason of her or his disability.

54. Hernando County's decision to deny Plaintiff's request for a special exception was a direct result of animus towards individuals recovering from drug and alcohol addiction.

55.     Defendant has no legitimate, nondiscriminatory reason for denying Plaintiff's request for a special exception.

56.     Any nondiscriminatory reason given by Hernando County for denying Plaintiff's request for a special exception was a pretext for discrimination.

57.     Hernando County, moreover, did not make reasonable accommodations to known disabilities of qualified individuals in connection with its adverse zoning decision regarding Operation Par's MAPS medical office. Rather, Hernando County imposed additional procedural requirements on Operation Par when it interpreted its land development regulations to require a special exception permit for Operation Par's proposed MAPS medical office.

58.     The criteria imposed on Operation Par and used by Hernando County in making its adverse zoning decision were discriminatory and had the effect of discriminating on the basis of disability.

59.     As a result of Hernando County's adverse zoning decision, Operation Par suffered particularized and concrete injury because it can no longer use 1245 Kass Circle as a MAPS medical office, incurred additional expense in the special exception process, incurred expenses associated with the proposed renovation and was forced to stop the renovation process at 1245 Kass Circle when Hernando County revoked Operation Par's special exception use permit.

60.     The injuries suffered by Operation Par are caused by Hernando County's discrimination and the injury to Operation Par will be redressed by a favorable decision requiring Hernando County to issue a special exception use permit for Operation Par's proposed MAPS medical office at 1245 Kass Circle.

61.     Hernando County denied Operation Par a special exception use permit and thereby a governmental zoning service because of the disability of the individuals who

eventually will use the proposed MAPS medical office at 1245 Kass Circle. As a result of Hernando County's discriminatory actions, Hernando County violated the Rehabilitation Act.

62. As a direct result of Hernando County's violation of the Rehabilitation Act, Operation Par suffered damages, including without limitation, expenses associated with acquiring and beginning the renovation process for 1245 Kass Circle, the expenses associated with the special exception use permit process and additional expenses associated with this litigation.

63. Under the Rehabilitation Act, Operation Par is entitled to damages, attorney's fees and injunctive relief requiring Hernando County to issue Operation Par a special exception use permit for its proposed MAPS medical office at 1245 Kass Circle.

WHEREFORE, Operation Par respectfully requests the Court to enter a judgment against Hernando County for damages, attorney's fees, costs, and injunction requiring Hernando County to issue Operation Par a special exception use permit for its proposed MAPS medical office at 1245 Kass Circle, Spring Hill, Florida, and such other relief as the Court determines to be appropriate.

## COUNT III
### (Violation of the Right to Equal Protection)

64. This is an action of damages and injunctive relief.

65. Plaintiff's right to equal protection under the laws is protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

66. Operation Par realleges the allegations in paragraphs 1 through 26 above.

67. Hernando County's zoning code on its face and as applied is unconstitutional because it treats individuals who are disabled due to drug and alcohol addiction differently than

non-disabled individuals and differently than other disabled individuals suffering from other disabilities.

68. Hernando County violated Plaintiff's right to equal protection by prohibiting it from obtaining a special exception to operate its MAPS medical clinic.

69. Hernando County's zoning code on its face and as applied is not supported by a compelling governmental interest sufficient to justify its enactment or enforcement against Plaintiff.

70. Hernando County's zoning code is not the least restrictive means to accomplish any permissible government purpose sought to be served nor does it serve a significant government interest.

71. Hernando County has violated the Equal Protection Clause and has caused, and will continue to cause, Plaintiff to suffer undue and actual hardship, and irreparable injury.

72. Plaintiff has no adequate remedy at law to correct the deprivation of a constitutional liberty.

73. As a direct and proximate result of Hernando County's continuing violations of Plaintiff's right, Plaintiff has in the past and will continue to suffer in the future direct and consequential damages, including, but not limited to, the loss of the ability to exercise its constitutional rights.

WHEREFORE, Operation Par respectfully requests the Court to enter a judgment against Hernando County for damages, attorney's fees, costs, and injunction requiring Hernando County to issue Operation Par a special exception use permit for its proposed MAPS medical office at 1245 Kass Circle, Spring Hill, Florida, and such other relief as the Court determines to be appropriate.

- 15 -

        Respectfully submitted,

        */s/ Darryl R. Richards*
        Darryl R. Richards
        FBN 348929
        403 E. Madison Street, Suite 400
        Tampa, FL  33602
        (813) 225-2500 - Telephone
        (813) 223-7118 - Facsimile
        darrylr@jpfirm.com
        Colleen M. Flynn
        FBN 0190470
        911 Chestnut Street
        Clearwater, Florida  33756
        *Attorneys for Plaintiff*

#146571 v2