IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPERATION PAR, INC.,

      Plaintiff,

v.                                    Case No.: 8:11-cv-02679-JDW-TBM

HERNANDO COUNTY,

      Defendant.

_____/

## FINAL CONSENT JUDGMENT

Plaintiff, OPERATION PAR, INC., and Defendant, HERNANDO COUNTY, by and through

their respective counsel and having consented to the entry of this *Final Consent Judgment* without

trial or adjudication of any issue of fact or law;

NOW, therefore, before the taking of any testimony and without trial or adjudication of any

issue of fact or law, it is hereby ORDERED, ADJUDGED AND DECREED:

### Subject-Matter Jurisdiction

1.     This Court has jurisdiction of the subject matter and each of the parties to this action

pursuant to 28 U.S.C. §1331, as Plaintiff's Complaint (Doc. 1) states claims upon which relief may

be granted pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the

Rehabilitation Act, 29 U.S.C. §701, *et seq*, and the Fourteenth Amendment to the United States

Constitution.

## The Nature of the Dispute Between the Parties

2.      In the instant action, because it was required to do so by the Defendant, Plaintiff applied to Defendant for a special exception use permit to operate a Medication Assisted Patient Services Clinic ("a MAPS Clinic") on land Plaintiff owns in Hernando County, Florida. Plaintiff did not agree that a special exception use permit was required, but applied for one because Defendant interpreted its Zoning Code to require one. Ultimately, the application was denied. Plaintiff challenges Defendant's denial of the application in the instant action and alleges that the denial was in violation of the Americans with Disabilities Act and the Rehabilitation Act.

## The Hernando County Code's Special Exception Use Process

3.      The Hernando County Zoning Code is primarily "permissive" in nature. The Board of County Commissioners has assigned all properties located in unincorporated Hernando County with a land use designation (e.g., Residential, Commercial, Industrial, etc.).[1] The Zoning Code lists the uses permissible on properties located within each land use designation.[2] All uses not listed as permissible in a particular land use designation are prohibited.[3]

4.      The Board of County Commissioners, however, has carved out a small number of "special exceptions" to the Zoning Code's permissive use structure. The Zoning Code provides that the COUNTY may grant property owners "special exception use permits" to operate schools, noncommercial amusement facilities, cemeteries, hospitals, nursing homes, places of public

---

[1]Hernando County Code App. A, Art. IV, §1.

[2]Hernando County Code App. A, Art. IV (passim).

[3]Hernando County Code App. A, Art. II, §1.

assembly, child care facilities, substance-abuse rehabilitation facilities, congregate care facilities, community residential homes, and charitable organizations in all zoning districts.[4]

5.      The parties bear a shifting burden of proof in local government proceedings on special exception use permit applications. The applicant bears the initial burden of establishing that the local government can legally grant it a permit. The Zoning Code sets forth certain criteria that all applications for special exception use permits must satisfy to be considered valid. The applicant bears the initial burden of establishing that it meets the criteria for a special exception.   If an applicant satisfies its initial burden, the burden of proof then shifts to the zoning authority to establish by competent substantial evidence that the granting of the special exception would be adverse to the public interest.[5]

6.      The Hernando County Code sets forth the procedure pursuant to which Defendant processes special exception use permit applications. First, the applicable property owner or the property owner's agent files an application with the Hernando County Planning Department. Once the application is complete, the Planning Department schedules a quasi-judicial public hearing on the application before the Planning and Zoning Commission. If the Planning and Zoning Commission approves the application, the Hernando County Planning Department then issues the permit. The Board of County Commissioners can, by majority vote, choose to review any special exception

---

[4]Hernando County Code App. A, Art. V, §8. The Zoning Code also contains "special exception uses" specific to certain zoning categories, but those are not implicated in the instant proceeding.

[5]*Rural New Town, Inc. v. Palm Beach County*, 315 So.2d 478, 480 (Fla. 4th DCA 1975).

decision of the Planning and Zoning Commission.  An unsuccessful applicant may seek review by filing a petition for a writ of certiorari in the Circuit Court within thirty days of the Board's decision.[6]

7.      In this Case, Plaintiff received a letter on April 27, 2011 from Defendant stating that the proposed use required a Special Exception Use Permit.

8.      Plaintiff disagreed with Defendant's assessment that a Special Exception Use Permit was required and contended Plaintiff's MAPS Clinic was a medical clinic which is a permitted use. Defendant, however, required a special exception use permit before Plaintiff could proceed.

9.      On June 6, 2011, Plaintiff applied for a Special Exception Use Permit for a MAPS Clinic to be located at 1245 Kass Circle, Spring Hill, Florida 34606 that property being more fully described as:

> Lot 3, Block 1845, REPLAT OF TRACT A, SPRING HILL, UNIT 3,
> according to the map or plat thereof as recorded in Plat Book 17, Page
> 26 thru 28 of the Public Records of Hernando County.
> (Parcel ID: R32 323 17 5031 1845 0030)

10.     The Hernando County Zoning Director issued a staff report finding that Plaintiff's application was consistent with the criteria in the Code.

11.     The Hernando County Planning and Zoning Commission approved the Special Exception Use Permit for the MAPS Clinic on July 11, 2011.

12.     Hernando County's Director of Land Services, Ronald Pianta, issued a permit for the MAPS Clinic, Permit # SE1109, on July 11, 2011.

13.     On July 26, 2011 the Hernando County Board of County Commissioners voted to review the decision of the Planning and Zoning Commission.

---

[6]Hernando County Code, App. A, Art. V, §8(D)-(I) (passim).

14.     On August 23, 2011, the Hernando County Board of County Commissioners held a *de novo* quasi-judicial hearing on Plaintiff's special exception use permit application.

15.     The Board of County Commissioners reversed the decision of the Planning and Zoning Commission and revoked the Special Exception Use Permit and on September 13, 2011 rendered a written resolution denying Plaintiff's application.

16.     On October 13, 2011, Plaintiff filed a petition for a writ of certiorari challenging the Board of County Commissioner's order of September 13, 2011 in the Circuit Court of the Fifth Judicial District, Hernando County, Florida, Case No.: H-27-CA-2011-2200 ("the State Court case") which is currently abated during the pendency of the instant action.

## The Stipulation of the Parties

17.     The Parties have entered into a *Settlement Agreement and Release* ("the *Agreement*"). The *Agreement* provides that the Parties have resolved all of their claims and agree to the dismissal of the above-captioned action with prejudice, each party to bear its own attorney fees and costs. A copy of the *Agreement* is attached hereto as Exhibit "1." All of the terms stated in Exhibit "1" are incorporated herein verbatim and ratified by this *Final Judgment*.

18.     The Hernando County Board of County Commissioners' actions of July 26, 2011, August 23, 2011, and September 13, 2011, as described in Paragraphs 13 - 15 above, are declared to be VACATED and VOID *AB INITIO*.

19.     Permit # SE1109, as described in Paragraph 12 above, is declared to be in full force and effect, *nunc pro tunc* to July 11, 2011.

20.     By the stipulation of the Parties, the Court declares that the following performance conditions are hereby added to Permit # SE1109:  Plaintiff shall (i) obtain all other applicable permits from the Defendant and any other applicable agencies; (ii) provide fixtures on the building and in the parking lot for security lighting; (iii) install a 6-foot opaque PVC fence along the north, south and west property lines (Plaintiff shall comply with the Hernando County Fence Code, Hernando County Code §8-210.11, *et seq.*).

21.     The STREET/OUTDOOR LIGHTING AGREEMENT, entered into by Plaintiff and the Withlacoochee River Electric Cooperative, Inc., dated August 9, 2011, is declared to satisfy the additional performance condition stated in subpart (ii) of Paragraph 21 above.

22.     The Hernando County Planning Department, may, as a matter of administrative convenience, issue an amended Permit # SE1109, containing both the original performance conditions and the additional performance conditions contained in Paragraph 21 above.  Hernando County shall timely and reasonably process permit applications submitted by Plaintiff in connection with the MAPS Clinics to be located at 1245 Kass Circle, Spring Hill, Florida 34606.

23.     The Court shall retain jurisdiction for the purpose of implementing and enforcing this *Final Judgment*.

24.     The *Complaint* filed by Plaintiff in the instant action is hereby DISMISSED WITH PREJUDICE.

25.     The Parties shall bear their own attorney's fees and costs.

26.     The Clerk of the Court is directed to terminate all pending motions and deadlines and close the file.

6

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this 3rd day of October , 2012.

THE HONORABLE JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
All Counsel of Record

1092391